IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                            :
*In re*                                     :  Chapter 11
                                            :
CAPMARK FINANCIAL GROUP INC., *et al.*,     :  Case No. 09-13684 (CSS)
                                            :
            Debtors.                        :  Jointly Administered
                                            :
------------------------------------------------------------x
                                            :
*In re*                                     :  Chapter 11
                                            :
CAPMARK INVESTMENTS LP,                     :  Case No. 10-_____ (CSS)
                                            :
            Debtor.                         :
                                            :
------------------------------------------------------------x

## DEBTORS' MOTION, PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1, FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES

Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession, (collectively, the "First Filed Debtors"),[1] together

---

[1] The First Filed Debtors in these chapter 11 cases, along with the last four (4) digits of each First Filed Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186), Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), and Capmark Affordable Equity Inc. (2381). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham,
(Continued)

with Capmark Investments LP, a subsidiary of CFGI, as debtor and debtor in possession ("CILP"[2] and together with the First Filed Debtors, the "Debtors"), submit this motion (the "Motion") for an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully represent:

## Background

2.  On October 25, 2009 (the "First Filed Debtors' Commencement Date"), each of the First Filed Debtors commenced a voluntary case under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

3.  On October 27, 2009, this Court entered an order authorizing the joint administration of the First Filed Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules").

4.  On November 2, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed a statutory creditors committee pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.  On the date hereof, CILP commenced a voluntary case under chapter 11 of the Bankruptcy Code. CILP is a subsidiary of CFGI and an affiliate of the other First Filed Debtors.

6.  The Debtors continue to operate their businesses and manage their properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

---

Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

[2] The last four (4) digits of CILP's federal tax identification number are 7999.

7. Contemporaneously herewith, or as soon as practicable hereafter, the Debtors have filed or will file a motion with the Court requesting that all generally applicable orders previously entered and all generally applicable orders currently pending before the Court in the First Filed Debtors' chapter 11 cases apply to CILP in its chapter 11 case.

## Jurisdiction and Venue

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Capmark's Businesses

9. The Debtors and their non-debtor subsidiaries and affiliates (together with the Debtors, "Capmark") are a group of commercial real estate finance companies that provide real estate-related products and services to borrowers, investors and other customers along three core business lines: (i) commercial real estate lending and mortgage banking; (ii) investments and funds management; and (iii) commercial loan servicing.[3]

10. A detailed description of Capmark's business, capital structure, and the events leading to the commencement of these chapter 11 cases is contained in the *Declaration of Thomas L. Fairfield, Executive Vice President, General Counsel and Secretary of CFGI, in Support of the Debtors' Chapter 11 Petitions and First Day Motions and Applications*, filed on the Commencement Date [Docket No. 13] (the "Fairfield Declaration").

---

[3] Pursuant to an order of this Court dated November 24, 2009, the Debtors were authorized to sell all of their commercial mortgage banking and mortgage servicing assets (collectively, the "MSB Business") to Berkadia Commercial Mortgage LLC, which sale closed December 11, 2009.

## Relief Requested

11. By this Motion, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, directing the joint administration of CILP's chapter 11 case with the jointly administered chapter 11 cases of the First Filed Debtors, for procedural purposes only. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as such term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the requested relief.

12. In addition, Local Rule 1015-1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the court and the parties.

Del. Bankr. L.R. 1015-1.

13. Pursuant to Local Rule 1015-1, the Debtors have filed the Fairfield Declaration, attesting that the joint administration of these cases is warranted and will ease the administrative burden for the Court and all parties in interest. The Fairfield Declaration is equally applicable to the relief requested herein.

14. Joint administration of the CILP case with the First Filed Debtors' cases will avoid the preparation, service, and filing, as applicable, of duplicative notices, pleadings, and orders in the CILP case, thereby saving the Debtors' estates, creditors and other parties in interest considerable expense, time, and resources.

RLF1 3527718v.1

15. The relief requested will not adversely affect creditors' rights because this Motion requests joint administration for procedural purposes only, and not substantive consolidation of the CILP case with any of the First Filed Debtors' cases. Each creditor may still file its claim against the CILP estate, and creditors and other parties in interest will retain all of their claims or rights against the CILP estate. The relief requested will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and dockets, and streamline supervision of the administrative aspects of these chapter 11 cases by the U.S. Trustee and the Clerk of the Court.

16. Based on the foregoing, the Debtors respectfully request entry of an order directing the joint administration of CILP's chapter 11 case with the jointly administered chapter 11 cases of the First Filed Debtors for procedural purposes only. The Debtors also request that the Court direct a notation substantially similar to the following be entered on the docket of CILP's chapter 11 case to reflect the joint administration thereof:

> An Order has been entered in this case directing the procedural consolidation and joint administration of this case with the jointly administered chapter 11 cases of Summit Crest Ventures, LLC, Capmark Financial Group Inc., Capmark Capital Inc., Capmark Finance Inc., Commercial Equity Investments, Inc., Mortgage Investments, LLC, Net Lease Acquisition LLC, SJM Cap, LLC, Capmark Affordable Equity Holdings Inc., Capmark REO Holding LLC, Paramount Managing Member AMBAC II, LLC, Paramount Managing Member AMBAC III, LLC, Paramount Managing Member AMBAC IV, LLC, Paramount Managing Member AMBAC V, LLC, Paramount Managing Member LLC, Paramount Managing Member II, LLC, Paramount Managing Member III, LLC, Paramount Managing Member IV, LLC, Paramount Managing Member V, LLC, Paramount Managing Member VI, LLC, Paramount Managing Member VII, LLC, Paramount Managing Member VIII, LLC, Paramount Managing Member IX, LLC, Paramount Managing Member XI, LLC, Paramount Managing Member XII, LLC, Paramount Managing Member XVIII, LLC, Paramount Managing Member XIV, LLC, Paramount Managing Member XV, LLC, Paramount Managing Member XVI, LLC, Paramount Northeastern Managing Member, LLC, Capmark Affordable Properties Inc., Paramount Managing Member XXIII, LLC, Paramount Managing Member XXIV, LLC, Paramount Managing Member 30, LLC, Paramount Managing Member 31, LLC, Paramount Managing Member 33, LLC, Broadway Street California, L.P., Broadway Street 2001, L.P., Broadway Street XV, L.P., Broadway Street XVI, L.P., Broadway

Street XVIII, L.P., Broadway Street Georgia I, LLC, Capmark Managing Member 4.5 LLC, Capmark Affordable Equity Inc., and Capmark Investments LP. The docket in **Case No. 09-13684 (CSS)** should be consulted for all matters affecting this case.

17. The relief requested herein has been routinely granted in other chapter 11 cases in this district and others. *See, e.g.*, *In re WCI Cmtys., Inc.*, No. 08-11643 (KJC) (Bankr. D. Del. July 17, 2009) [Docket No. 2099]; *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. Feb. 25, 2009) [Docket No. 2928]; *In re SemCrude, L.P.*, No. 08-11525 (BLS) (Bankr. D. Del. Nov. 6, 2008) [Docket No. 2018]; and *In re Buffets Holdings, Inc.*, No. 08-10141 (MFW) (Bankr. D. Del. Sept. 15, 2008) [Docket No. 1453]. Similar relief is appropriate in these chapter 11 cases.

## Notice

18. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided by first class mail to (i) the U.S. Trustee, (ii) Citibank, N.A. and Citicorp North America, Inc., as administrative agents under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, (iii) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iv) counsel to the Committee, and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that no other or further notice need be provided.

## No Previous Request

19. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order (i) directing the joint administration of CILP's chapter 11 case with the jointly administered chapter 11 cases of the First Filed Debtors, for procedural purposes only, and (ii) granting such other and further relief as the Court may deem just.

Dated: January 15, 2010
       Wilmington, Delaware

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302.651.7700
Facsimile: 302.651.7701

-and-

Martin J. Bienenstock
Michael P. Kessler
Judy G.Z. Liu
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.259.8000
Facsimile: 212.259.6333

*Attorneys for the Debtors and Debtors in Possession*

# Exhibit A

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                          :
*In re*                                   :   Chapter 11
                                          :
CAPMARK FINANCIAL GROUP INC., *et al.*,   :   Case No. 09-13684 (CSS)
                                          :
         Debtors.                         :   Jointly Administered
                                          :
------------------------------------------------------------x
                                          :
*In re*                                   :   Chapter 11
                                          :
CAPMARK INVESTMENTS LP,                   :   Case No. 10-_____ (CSS)
                                          :
         Debtor.                          :
                                          :
------------------------------------------------------------x

## ORDER DIRECTING JOINT ADMINISTRATION
## OF DEBTORS' CHAPTER 11 CASES

Upon the motion, dated January 15, 2010 (the "Motion"),[1] of Capmark Financial Group Inc. ("CFGI") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "First Filed Debtors") and Capmark Investments LP ("CILP" and together with the First Filed Debtors, the "Debtors"),[2] for entry of an order, pursuant to Rule

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Summit Crest Ventures, LLC (5690), Capmark Financial Group Inc. (2188), Capmark Capital Inc. (6496), Capmark Finance Inc. (3444), Commercial Equity Investments, Inc. (4153), Mortgage Investments, LLC (6319), Net Lease Acquisition LLC (9658), SJM Cap, LLC (0862), Capmark Affordable Equity Holdings Inc. (2379), Capmark REO Holding LLC (3951), Paramount Managing Member AMBAC II, LLC (3934), Paramount Managing Member AMBAC III, LLC (3999), Paramount Managing Member AMBAC IV, LLC (0117), Paramount Managing Member AMBAC V, LLC (3366), Paramount Managing Member LLC (0184), Paramount Managing Member II, LLC (7457), Paramount Managing Member III, LLC (0196), Paramount Managing Member IV, LLC (0199), Paramount Managing Member V, LLC (0201), Paramount Managing Member VI, LLC (5857), Paramount Managing Member VII, LLC (5855), Paramount Managing Member VIII, LLC (5854), Paramount Managing Member IX, LLC (5452), Paramount Managing Member XI, LLC (5455), Paramount Managing Member XII, LLC (5457), Paramount Managing Member XVIII, LLC (3087), Paramount Managing Member XIV, LLC (4194), Paramount Managing Member XV, LLC (4192), Paramount Managing Member XVI, LLC (4186),
(Continued)

1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), directing the joint administration of CILP's chapter 11 case with the jointly administered chapter 11 cases of the First Filed Debtors, for procedural purposes only, all as more fully described in the Motion; and upon the Declaration of Thomas L. Fairfield, Executive Vice President, General Counsel and Secretary of CFGI, in Support of the Debtors' Chapter 11 Petitions and First Day Motions and Applications, attesting that the joint administration of these cases is warranted and will ease the administrative burden for the Court and all parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no trustee or examiner having been appointed in these chapter 11 cases; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee, (ii) Citibank, N.A. and Citicorp North America, Inc., as administrative agents under the Debtors' prepetition senior credit facility, bridge loan agreement and term loan facility, (iii) Wilmington Trust FSB, as successor trustee under the prepetition senior unsecured floating rate note, 5.875% senior unsecured note, and 6.300% senior unsecured note indentures, (iv) counsel to the Committee, and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b), and it appearing that no other or further notice need be provided; and the Court having

---

Paramount Northeastern Managing Member, LLC (3086), Capmark Affordable Properties Inc. (3435), Paramount Managing Member XXIII, LLC (4754), Paramount Managing Member XXIV, LLC (3615), Paramount Managing Member 30, LLC (6824), Paramount Managing Member 31, LLC (6826), Paramount Managing Member 33, LLC (6831), Broadway Street California, L.P. (7722), Broadway Street 2001, L.P. (0187), Broadway Street XV, L.P. (7730), Broadway Street XVI, L.P. (7725), Broadway Street XVIII, L.P. (9799), Broadway Street Georgia I, LLC (9740), Capmark Managing Member 4.5 LLC (8979), Capmark Affordable Equity Inc. (2381), and Capmark Investments LP (7999). CFGI's corporate headquarters is located at 116 Welsh Road, Horsham, Pennsylvania, 19044. The addresses for all of the Debtors are available at the following World Wide Web address: http://chapter11.epiqsystems.com/capmark.

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as may be modified herein; and it is further

ORDERED that the CILP chapter 11 case is consolidated for procedural purposes only with the previously consolidated, for procedural purposes only, cases of the First Filed Debtors, and shall be administered jointly under Case No. 09-13684 (CSS); and it is further

ORDERED that the caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------x
: 
*In re* : **Chapter 11**
: 
**CAPMARK FINANCIAL GROUP INC.,** *et al.*, : **Case No. 09-13684 (CSS)**
: 
**Debtors.** : **Jointly Administered**
: 
------------------------------------------------x

and it is further

ORDERED that a docket entry shall be made in CILP's chapter 11 case substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of this case with the jointly administered chapter 11 cases of Summit Crest Ventures, LLC, Capmark Financial Group Inc., Capmark Capital Inc., Capmark Finance Inc., Commercial Equity Investments, Inc., Mortgage Investments, LLC, Net Lease Acquisition LLC, SJM Cap, LLC, Capmark Affordable Equity Holdings Inc., Capmark REO Holding LLC, Paramount Managing Member AMBAC II, LLC, Paramount Managing Member AMBAC III, LLC, Paramount Managing Member AMBAC IV, LLC,

3

Paramount Managing Member AMBAC V, LLC, Paramount Managing Member LLC, Paramount Managing Member II, LLC, Paramount Managing Member III, LLC, Paramount Managing Member IV, LLC, Paramount Managing Member V, LLC, Paramount Managing Member VI, LLC, Paramount Managing Member VII, LLC, Paramount Managing Member VIII, LLC, Paramount Managing Member IX, LLC, Paramount Managing Member XI, LLC, Paramount Managing Member XII, LLC, Paramount Managing Member XVIII, LLC, Paramount Managing Member XIV, LLC, Paramount Managing Member XV, LLC, Paramount Managing Member XVI, LLC, Paramount Northeastern Managing Member, LLC, Capmark Affordable Properties Inc., Paramount Managing Member XXIII, LLC, Paramount Managing Member XXIV, LLC, Paramount Managing Member 30, LLC, Paramount Managing Member 31, LLC, Paramount Managing Member 33, LLC, Broadway Street California, L.P., Broadway Street 2001, L.P., Broadway Street XV, L.P., Broadway Street XVI, L.P., Broadway Street XVIII, L.P., Broadway Street Georgia I, LLC, Capmark Managing Member 4.5 LLC, Capmark Affordable Equity Inc., and Capmark Investments LP. The docket in **Case No. 09-13684 (CSS)** should be consulted for all matters affecting this case; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2010
Wilmington, Delaware

---

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE